# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------X
UNIQUE INDUSTRIES, INC.,                    :
      a corporation of Pennsylvania         :
                                            :
                              Plaintiff,    :
                                            :      Civil Action No.:
            -against-                       :
                                            :
                                            :
SEATRIEVER INTERNATIONAL                    :
HOLDINGS LTD.                               :
      a limited business entity of          :
      The United Kingdom                    :
                                            :
                              Defendant.    :
-------------------------------------------------------X
```

## COMPLAINT

Plaintiff for its Complaint against the Defendant respectfully alleges as follows:

### THE PARTIES

1.     Plaintiff, Unique Industries, Inc. (hereinafter "Unique") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and has a principal place of business at 4750 League Island Blvd., Philadelphia, Pennsylvania 19112-1222.

2.     Upon information and belief, the Defendant Seatriever International Holdings Ltd. ("Seatriever") is a limited business entity formed under the laws of the United Kingdom and has its principal place of business at Cheshire Business Park,

Cheshire Avenue, Lostock Gralam, Northwich, Cheshire, CW9 7UA England, and upon

information and belief, is a holding company for various corporate entities each under the

direct supervision and control of Defendant Seatriever.  Such various corporate entities

under the direct supervision and control of Defendant Seatriever are believed to include

Illoom Balloon Ltd. doing business in the United Kingdom and the United States as set

forth more fully below, as well as Illoom Balloon USA LLC, and Illooms Inc., believed

to be corporations of Georgia doing business in the United States, as well as this judicial

district, from 3208 Asher Avenue, Little Rock Arkansas 2204.

## JURISDICTION AND VENUE

3.      This action seeks, inter alia, a declaratory judgment brought under the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, and in the first claim seeks a

declaratory judgment that Unique and Illoom Balloon Ltd. or any other entity under the

direct supervision and control of Defendant Seatriever have not entered into a distributor

agreement as asserted by Defendant Seatriever, and in the second, third and fourth claims

that Plaintiff Unique has not infringed any rights in respective patents as asserted by

Defendant Seatriever.  The matter in controversy in the first claim concerning the

proposed Distributorship Agreement asserted by Defendant Seatriever exceeds $75,000

exclusive of interest and costs, and thus diversity jurisdiction exists for the declaration

that no Distributorship Agreement exists.  This court has jurisdiction of this claim under

28 U.S.C. §§ 1332(a) and 2201(a) and 2202.  The declaration sought in the second, third

and fourth claims that Plaintiff Unique has not infringed any patent rights asserted by Defendant Seatriever arises under the Patent laws of the United States, specifically 35 U.S.C. § 271.  This court has jurisdiction of this claim under 28 U.S.C. §§ 1331(a), 1338(a) and 2201(a) and 2202.

4.      This action also includes a fifth claim that arises under the Federal Trademark Act of 1946, 15 U.S.C. §1125, *et seq.* and accordingly, subject matter jurisdiction for this claim is conferred upon this Court by virtue of 15 U.S.C. §1121 and 28 U.S.C. §1338(a.)

5.      The remaining claims herein arise under the laws of the Commonwealth of Pennsylvania and are joined with related claims under the Federal Trademark Act of 1946.  Accordingly, subject matter jurisdiction for the remaining claims is conferred upon this Court by 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

6.      Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. §§1391(b) (2) and (3) and 1391 (c) (2) and (3.)

## COUNT 1: DECLARATORY JUDGMENT THAT
## NO PROPOSED DISTRIBUTORSHIP AGREEMENT EXISTS

7.      Unique markets throughout the United States supplies for use at parties and other social events.  Unique markets such items as piñatas, balloons, paper goods, wrapping paper and other party and novelty products.  The party supplies of Unique include licensed designs or various designs created specifically for the products marketed by Unique.  The designs created by or for Unique are typically distinctive to Unique.

One such line of products marketed by Unique is a line of balloons that contain light emitting diodes (LEDs) so that when inflated provide a balloon illuminated from the inside by an LED. The illuminated balloons of Unique are marketed under the trademark *Party Glow*.

8.    In 2011, Unique had discussions with representatives of Defendant Seatriever regarding Unique possibly becoming a distributor for Defendant Seatriever in North America for the particular illuminated balloons marketed by Defendant Seatriever. A Proposed Distributorship Agreement was presented by Illoom Balloon Ltd. ("IBL") in 2011 on behalf of Defendant Seatriever to Unique at its headquarters in Philadelphia, Pennsylvania. This Proposed Distributorship Agreement offered by IBL to Unique was a form apparently used by Defendant Seatriever for other distributorship arrangements. This Proposed Distributorship Agreement was blank as to the party receiving the distributorship, and the territories included had not been negotiated as to United States retailers. The Proposed Distributorship Agreement was deemed confidential by IBL, and accordingly a copy of the Proposed Distributorship Agreement is not included herewith.

9.    The Proposed Distributorship Agreement offered to Unique included an express provision for the licensing of the intellectual property rights of IBL and its licensors (paragraphs 3.2 and 12), and the Proposed Distributorship Agreement defined intellectual property rights to include patents and rights in inventions which may subsist anywhere in the world.

10.     Discussions ensued between representatives of Unique and IBL regarding the terms of the Proposed Distributorship Agreement offered to Unique; but agreement was never reached on the Proposed Distributorship Agreement.

11.     The Proposed Distributorship Agreement offered to Unique contemplated execution of a written agreement when all terms had been agreed upon; there was no meeting of the minds, the terms were never agreed upon, and the Proposed Distributorship Agreement was never executed.

12.     The Proposed Distributorship Agreement offered to Unique had no consideration to support the agreement, there was no benefit or detriment conferred upon either prospective party to the agreement.

13.     By letter dated August 3, 2015, a true and correct copy of which is attached hereto as Exhibit A (attachments to the August 3, 2015 letter have been omitted), representatives of Defendant Seatriever wrote to Unique at its headquarters in Philadelphia, Pennsylvania and, among other things, charged that Unique was a "distributor" of Defendant Seatriever in violation of its obligations to Defendant Seatriever under the Proposed Distributorship Agreement.

14.     Unique denies having ever reached agreement for the Proposed Distributorship Agreement.   A true and actual controversy, therefore, exists between Unique and Defendant Seatriever concerning the existence of a Distributorship Agreement therebetween, and any violation thereof by Unique by the marketing of its

products.

15.     Plaintiff Unique, therefore, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment declaring that no distributorship relationship exists or has ever existed between Unique and Defendant Seatriever or any of its subordinate entities.

**COUNT 2: DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF ASSERTED PROVISIONAL PATENT RIGHTS**
**ASSERTED BY DEFENDANT SEATRIEVER**

16.     Plaintiff Unique hereby asserts the allegations of paragraphs 1 through 15 as though fully set forth herein.

17.     The August 3, 2015 letter of Exhibit A is entitled "Seatriever International Holdings Ltd.'s Notice of Provisional Patent rights," and asserts among other things that the *Party Glow* illuminated balloon product of Unique is an "Accused Device" subject to provisional rights provided by the American Invents Act 35 U.S.C. § 154(d.)  In the letter of August 3, 2015, representatives of Defendant Seatriever identified U. S. Patent Application No. 14/005,003 (the '003 Application) and stated "Unique makes, uses, offers for sale, sells and imports the invention as claimed in the published '003 Application... and once patent issues Seatriever would be entitled to recover damages and/or reasonable royalty for Unique's sales of the Accused Device from the time that Unique received notice of the patent application.

18.     By letter dated August 18, 2015, a true and correct copy of which is attached hereto as Exhibit B (attachments to the August 18, 2015 letter have been

omitted,) representatives of Defendant Seatriever wrote to a customer of Unique for its *Party Glow* illuminated balloon products and made statements and demands similar to those made earlier to Unique and noted in paragraph 17 above.

19.    The statements made concerning the provisional rights of the published '003 Application in the letters of Exhibits A and B are false, misleading and misstate the provisional rights of Defendant Seatriever in its published patent application.

20.    35 U.S.C. §154(d)(2) provides patent holders "the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent ... makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application" *so long as "the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application."* (Emphasis added.)

21.    The provisional right to obtain a reasonable royalty once a patent is granted from the date of publication of the patent application by statute shall not be available unless the invention as claimed in the patent is "substantially identical" to the invention as claimed in the published patent application.

22.    This requirement for any "provisional rights" resulting from a pending patent application was not mentioned in the letters of Exhibits A and B sent respectively to Unique and a customer of Unique for the *Party Glow* illuminating balloons.

23.    When the claims of a published patent are amended in a manner such that

their scope is changed, the claims that issue in the patent are no longer "substantially identical" to those of the application as published.

24.    The only independent claim as published in the '003 Application is recited below:

1.    A balloon comprising a flexible wall defining a balloon cavity and having an inlet portion defining an opening into the balloon cavity through which gas under pressure can be directed to inflate the balloon, said wall being at least partially transparent or translucent; an illumination device including a light emitting member which is mounted to the wall inside the balloon cavity; and a sheet of flexible material connected to the illumination device inside the balloon cavity, this sheet being configured to serve as a parachute for the illumination device in the event of rupture of the wall of the balloon when in  inflated condition.

25.    The '003 Application has issued as United States patent no. 9,186,594 (the '594 patent) with two independent claims, claim 1 and claim 16.

Claim 1 of the patent recites:

A party balloon comprising:

a flexible wall having an outer surface and an inner surface, the inner surface defining a balloon cavity, the inner wall having an inlet portion defining an opening into the

balloon cavity through which gas under pressure is directed into the balloon cavity in order to inflate the balloon, said wall being at least partially transparent or translucent;

a self-contained illumination device **comprising a frame**, and a light emitting LED diode and a battery source for the LED diode **which are together mounted in the frame**, the frame being provided **with a projection** and the illumination device being mounted inside the balloon cavity to the inner surface of the flexible wall **by an attachment element which engages from outside the balloon wall with the projection of the frame**: and

a parachute dimensioned for slowing the speed of movement of the illumination device in the event of rupture of the flexible wall of the balloon when the balloon is in an inflated condition, said parachute being in the form of a sheet of flexible material which is inside the balloon cavity and connected to the illumination device, this sheet of flexible material having a central region and a free periphery inside the balloon cavity and this sheet of flexible material being attached only at the central region directly to the illumination

device, with the free periphery of this sheet being free of
attachment.  (Emphasis in bold added)

Claim 16 recites:

A party balloon comprising:

a flexible wall having an outer surface and an inner
surface, the inner surface defining a balloon cavity, the
flexible wall having an inlet portion defining an opening into
the balloon cavity through which gas under pressure is
directed into the balloon cavity in order to inflate the balloon,
said wall being at least partially transparent or translucent;

a self-contained illumination device **comprising a
frame**, and a light emitting diode and a battery source for the
light emitting diode **which are together mounted in the
frame**, the illumination device being mounted inside the
balloon cavity to the inner surface of the flexible wall **by an
attachment element which engages from outside the
balloon wall with a portion of the frame**: and

a parachute in the form of a sheet of flexible material
inside the balloon cavity and connected to the flexible wall
and to the illumination device, this sheet of flexible material
having a central region and a free periphery inside the balloon

cavity;

wherein this sheet of flexible material is attached only at the

central region directly to the illumination device, with the free

periphery of this sheet being free of attachment such that in

the event of rupture of the flexible wall of the balloon when

the balloon is in an inflated condition the parachute slows the

speed of movement of the illumination device.  (Emphasis in

bold added)

26.     Some of the new features added to claims 1 and 16 have been highlighted

in paragraph 25 in bold type, and these new features, such as the added "frame," preclude

claims 1 and 16 as granted in the patent from being substantially identical to the claim 1

as initially published.

27.     Claims 1 and 16 in the '594 patent are more narrow in scope than claim 1

as published.  In order to be within the scope of claims 1 and 16 of the '594 patent, an

accused device must include the "frame" as defined in the claims.  A device that may be

considered to infringe claim 1 as published in the '003 Application would not need a

frame, and thus claims 1 and 16 of the '594 patent are different in scope to the claims as

published.

28.     None of the dependent claims as published  in the '003 Application refer to

a frame, and this feature of a frame was added to the claims during the proceedings of the

'003 Application at the United States Patent and Trademark Office well before the letters

of Exhibit A and B were sent by representatives of Defendant Seatriever.

29.     The Examiner at the United States Patent and Trademark Office in allowing the '003 Application, provided a statement of "Reasons for Allowance," and noted many features of the claims that were not found in the references, and specifically referred to the "light emitting diode and a battery source for the light emitting diode which are together mounted in the frame..."  The frame as defined was noted specifically by the Examiner in the reasons for allowance of the '003 Application that matured into the '594 patent.

30.     An illuminated balloon that did not have a frame as defined in claims 1 and 16 as published in the '003 Application may well infringe the claim 1 as initially published, but would not infringe claims 1 and 16 as issued in the '594 patent.  The scope of claims 1 and 16 has thus most definitely been changed materially.  All the dependent claims in the '594 patent include the frame of claim 1.

31.     The representatives of Defendant Seatriever responsible for the letters of Exhibits A and B to Unique and its customer were or should have been aware the Accused Device of Unique could not possibly involve any provisional rights of Defendant Seatriever in its '003 Application, and the claims made in the letters of Exhibits A and B to Unique and its customer concerning such provisional rights of Defendant Seatriever in its '003 Application were fraudulent and, on information and belief, were made in knowing bad faith, or a reckless disregard for the truth.

32.     A true and actual controversy, therefore, exists between Unique and

Defendant Seatriever concerning the existence of any provisional rights of Defendant Seatriever in its '003 Application now issued as the '594 patent.

33.    Plaintiff Unique, therefore, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment declaring that Defendant Seatriever does not have any provisional rights in its '003 Application now issued as the '594 patent; and knowingly and deliberately misled Unique and its customer.

**COUNT 3: DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF UNITED STARES PATENT NO. 9,186,594**
**ASSERTED BY DEFENDANT SEATRIEVER**

34.    Plaintiff Unique hereby asserts the allegations of paragraphs 1 through 33 as though fully set forth herein.

35.    The August 3, 2015 letter of Exhibit A asserts among other things that the *Party Glow* illuminated balloon product of Unique is an "Accused Device" and stated "Unique makes, uses, offers for sale, sells and imports the invention as claimed in the published '003 Application... and once patent issues Seatriever would be entitled to recover damages and/or reasonable royalty for Unique's sales of the Accused Device.

36.    The 033 Application has now issued as United States Patent no. 9,186,594 (the '594 patent.")

37.    The August 18, 2015 letter of Exhibit B, representatives of Defendant Seatriever wrote to a customer of Unique for its *Party Glow* illuminated balloon products and made statements and demands similar to those made earlier to Unique and noted in

paragraph 35 above.

38.     Claim 1 of the '594 patent recites

A party balloon comprising:

a flexible wall having an outer surface and an inner surface, the inner surface defining a balloon cavity, the inner wall having an inlet portion defining an opening into the balloon cavity through which gas under pressure is directed into the balloon cavity in order to inflate the balloon, said wall being at least partially transparent or translucent;

a self-contained illumination device comprising a frame, and a light emitting LED diode and a battery source for the LED diode **which are together mounted in the frame**, the frame being provided **with a projection** and the illumination device being mounted inside the balloon cavity to the inner surface of the flexible wall **by an attachment element which engages from outside the balloon wall with the projection of the frame**: and

a **parachute** dimensioned for slowing the speed of movement of the illumination device in the event of rupture of the flexible wall of the balloon when the balloon is in an

inflated condition, said parachute being in the form of a sheet
of flexible material which is inside the balloon cavity and
connected to the illumination device, this sheet of flexible
material having a central region and a free periphery inside
the balloon cavity and this sheet of flexible material being
attached only at the central region directly to the illumination
device, with the free periphery of this sheet being free of
attachment.

39.     Features of claim 1 of the '594 patent not found in the *Party Glow* balloons
marketed by Unique Industries are highlighted in bold in paragraph 38 above.  The *Party*
*Glow* balloons marketed by Unique Industries have a light emitting diode (LED) to
provide illumination and do have a frame containing a battery source for the LED, but the
LED is not mounted "in the frame" as required by claim 1, but is suspended outside the
frame.  The battery and the LED are thus not "together mounted in the frame."

40.     Further, the *Party Glow* balloons marketed by Unique Industries do not
have a "projection" from the frame and an attachment element which engages from
outside the balloon wall with the projection.  The *Party Glow* balloons have an element
known as a "filler" which is in essence a small hard ball that fits from the outside the
balloon wall within a cavity or recess of the frame.  Structures that fit within a recess are
not "engaging" a projection.

41.     The projection of the '594 patent is identified as element 12 described in

the patent as typically formed with a neck portion 14 and an enlarged head 16. The attachment element is described as an elastic band 18 that engages over the projection 12. The *Party Glow* balloons do not have any projecting portion or "neck" of the fame nor any engagement element that fits over the projection.

42.     Further, the "parachute" defined in the claim is expressly defined in the '594 patent. The patent specification states "[t]he term 'parachute' as used herein is defined as an umbrella shaped piece of fabric of high drag to retard the descent of a falling body or reduce the speed of a moving/flying body." Figs. 3 and 6 of the '594 patent most assuredly show the sheet(s) of flexible fabric being in the shape of an umbrella.

43.     The *Party Glow* balloons marketed by Unique Industries do not have an umbrella shaped piece of fabric of high drag. The *Party Glow* balloons do have a thin piece of plastic, but this piece of plastic is not an umbrella shaped piece of fabric; and thus cannot be the "parachute" as defined in the '594 patent.

44.     The term "parachute" was added to the claim 1 of the '594 patent during the proceedings at the Patent Office in order to further define "the sheet of flexible material," and thus the doctrine of prosecution history estoppel prevents application of the doctrine of equivalents regarding this claim limitation.

45.     The claim language "a light emitting LED diode and a battery source for the LED diode which are together mounted in the frame" was added to the '594 patent in response to rejections made by the Patent Office, and thus the doctrine of prosecution

history estoppel prevents application of the doctrine of equivalents regarding this claim limitation.

46.     Additionally, the LED of the *Party Glow* balloons is suspended outside the frame and connected electrically to the battery by a conductive wire extending from the battery, located inside the frame, to outside the frame to be attached to the suspended LED.  Suspending the LED from the frame and connecting to the battery by a wire is not "equivalent" to mounting the battery and LED together within the frame, but conceptually an opposite arrangement.

47.     There would be two choices of associating a battery that is housed within a frame with an LED.  Either the battery and LED are associated together within the frame as required by claim 1, or the LED or battery is outside the frame and connected by a conductive wire.  Choosing the opposite arrangement of positioning the LED outside the frame cannot be considered performing substantially the same function (electrically connecting an LED and battery) in substantially the same way (together within a frame) to obtain the same result (secure electrical connection.)   The *Party Glow* balloons marketed by Unique Industries cannot be considered to infringe claim 1 of the '594 patent under the doctrine of equivalents.

48.     The amendments to claim 1 of the '594 patent were made to overcome references applied by the examiner (U. S. Patents nos. 6,276,815 and 5,947,581) which do not have frames connecting together a battery source and an LED for an illuminated balloon, and such a frame with a light emitting diode and battery mounted together in the

frame was one of the basis for the Examiner allowing the claims of the patent to issue.

49.     As noted above, the term "parachute" was added to claim 1 of the '594 patent during the proceedings at the Patent Office in order to further define "the sheet of flexible material" and overcome rejections made by prior references and the doctrine of equivalents cannot now be applied to broaden this limitation added to the claim.

50.     Claim 16 of the '594 patent, similar to claim 1, recites a "self-contained illumination device comprising a frame, and a light emitting diode and a battery source for the light emitting diode which are together mounted in the frame...;" and includes the "parachute" limitation.  For the reasons advanced above for claim 1 of the '594 patent, these recitations of claim 16 of the '594 patent preclude any infringement as a result of the marketing of the *Party Glow* balloons of Unique Industries.

51.     Thus the *Party Glow* balloons marketed by Unique Industries cannot be considered to infringe any claims of the '594 patent.

52.     The representatives of Defendant Seatriever responsible for the letter of Exhibit A to Unique were or should have been aware the accused *Party Glow* balloons marketed by Unique could not possibly infringe any claims of the '594 patent, and the claims made in the letter of Exhibit A to Unique asserting damages from such infringement were fraudulent and, on information and belief, were made in knowing bad faith or reckless disregard for the truth.

53.     A true and actual controversy, therefore, exists between Unique and Defendant Seatriever concerning any infringement of any rights of Defendant Seatriever

in the '594 patent.

54.     Plaintiff Unique, therefore, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment declaring that the *Party Glow* illuminated balloons of Unique do not infringe the '594 patent.

**COUNT 4: DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF UNITED STARES PATENT NO. 8,297,778**
**ASSERTED BY DEFENDANT SEATRIEVER**

55.     Plaintiff Unique hereby asserts the allegations of paragraphs 1 through 54 as though fully set forth herein.

56.     The August 3, 2015 letter of Exhibit A asserts among other things that the *Party Glow* illuminated balloon product of Unique is an "Accused Device," and referred specifically to United States Patent No. 8,297,778 (the "'778 patent") of Defendant Seatriever.

57.     Additionally, on or about August 10, 2014, agents or representatives of Defendant Seatriever sent to at least one customer of Unique an email asserting that the *Party Glow* illuminated balloon product of Unique infringed an Illooms patent.  Such one or more customers include Michaels Stores, Inc., a national retail chain doing business within this judicial district, who removed the accused products of Unique from sale as a direct result of the allegations of patent infringement made against Unique's *Party Glow* illuminated balloon product.

58.     At that time the only Illooms patent of Defendant Seatriever in the United States was the '778 patent.

59.     The '778 patent includes a single independent claim, claim 1.   Claim 1

requires

... a clip or O-ring fitted over said projection from outside the balloon and

attaching said housing of said illumination device to said inner surface of

said membrane ...

60.     The accused *Party Glow* illuminated balloons of Unique do not have any

such O-ring.

61.     Unique's accused *Party Glow* illuminated balloons use an internal

attachment device whereby the interior of the balloon is depressed from the outside, and

inserted into a clip on the inside of the balloon.   The accused *Party Glow* illuminated

balloons of Unique do not have the O-ring nor its equivalent as required by the '778

patent, nor is the illumination device of Unique's accused *Party Glow* illuminated

balloons attached  by "a projection from outside the balloon."   The illuminated device of

the accused *Party Glow* illuminated balloons Unique is attached to the balloon internally

by a clamping mechanism.

62.     Thus the accused *Party Glow* balloons marketed by Unique Industries

cannot be considered to infringe any claims of the '778 patent.

63.     Those responsible at Defendant Seatriever for allegations asserting the

accused *Party Glow* balloons marketed by Unique infringe any of Seatriever's U.

S. patents knew or should have known the accused Unique products could not

possibly infringe any of Seatriever's U. S. patents, and the claims made of such

infringement were fraudulent and, on information and belief, were made in knowing bad faith, or with reckless disregard for the truth.

64.     A true and actual controversy, therefore, exists between Unique and Defendant Seatriever concerning any infringement of any rights of Defendant Seatriever in the '778 patent.

65.     Plaintiff Unique, therefore, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment declaring that the accused *Party Glow* illuminated balloons of Unique do not infringe the '594 patent.

## COUNT 5: FEDERAL UNFAIR COMPETITION

66.     This claim arises under the unfair competition laws of the United States, particularly § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a) (1)(B) of the Federal Trademark Act of 1946; and Plaintiff Unique hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 65 above as if fully set forth herein.

67.     The Plaintiff Unique has established a reputation throughout the United States and within this judicial district as a reliable company offering quality products at a fair value; and Defendant Seatriever and its agents and representatives in promoting the competing goods of Defendant Seatriever have knowingly and falsely promoted to the relevant trade that the *Party Glow* illuminated balloons of Unique infringe patent rights of Defendant Seatriever, when they do not, and such statements misrepresent the nature, characteristics, and qualities of Unique's *Party Glow* illuminated balloons.

68.     Such unlawful activities by Defendant Seatriever are deceptive, and were

and continue to be done wilfully and deliberately to the irreparable harm and damage to Unique.  Such false statements have actually caused at least one customer of Unique to remove the accused products from sale.

69.     Defendant Seatriever's acts as aforesaid constitute unfair competition in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a(1)(B.)

70.     Unless properly enjoined by this Court, the deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to Plaintiff Unique.

## COUNT III:
## UNFAIR COMPETITION

71.     As a complete and further ground of relief, Plaintiff Unique hereby charges Defendant Seatriever with statutory and common law unfair competition under the laws of the Commonwealth of Pennsylvania, and hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 70 above as if fully set forth herein.

72.     Plaintiff Unique has expended effort and money to design and produce high-quality products and has developed to both the retail trade and relevant purchasing public a reputation for quality and fair dealing, and in establishing in connection therewith, substantial goodwill.

73.     As a result of the false statements and product disparagement activities of the Defendant Seatriever as noted above, the goodwill and reputation of Plaintiff Unique have been attacked and damaged, and the contracts of Unique with its customers have

been interfered with by Defendant Seatriever and its agents and representatives without cause.

74.    The above activities of Defendant Seatriever and its agents and representatives violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1, *et seq.*, prohibiting among other things "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

75.    The above activities of Defendant Seatriever and its agents and representatives in falsely disparaging the *Party Glow* illuminating balloons of Unique were done knowingly and with reckless disregard for the truth for the purpose and actual effect of reducing the legitimate sale of the *Party Glow* illuminating balloons of Unique, and constitute commercial disparagement under the laws of the Commonwealth of Pennsylvania.

76.    The above activities of Defendant Seatriever and its agents and representatives in falsely disparaging the *Party Glow* illuminating balloons of Unique to the customers of Unique for such balloons were done knowingly and wrongfully for the purpose and actual effect of reducing the legitimate sale of the *Party Glow* illuminating balloons of Unique, and constitute interference with Unique's contracts without privilege.

WHEREFORE, Plaintiff prays:

A.    That the Court declare that Unique Industries and Defendant Seatriever or any of its related companies have not entered into any Distributorship Agreement; and

B.    That the Court declare that the distribution, marketing, promotion or sale of

*Party Glow* illuminating balloons of Unique does not violate any patent or related rights of Defendant Seatriever or any of its related companies;

      C.     That the Defendant Seatriever and any of its related companies under common ownership and control, and their respective agents, servants, employees, attorneys and those persons in active concert or participation therewith be temporarily, preliminarily and permanently enjoined and restrained

      (i)    from directly or indirectly making or causing to be made any charges that any illuminating balloons of Unique violate any patent rights of Defendant Seatriever or any of its related companies;

      (ii)   that Defendant Seatriever and any of its related companies under common ownership and control be required to identify to Unique and file with this Court within ten days after judgment a report in writing and under oath identifying each and every individual and business entity to which charges have been made by or on behalf Defendant Seatriever or any of its related companies under common ownership and control, or any of their agents or representatives, that any illuminating balloons of Unique violate any rights including patents of Defendant Seatriever and any of its related companies; and that each such individual or his/her associated business entity has been notified in writing that such charges are false and contrary to law;

      (iii)   and from making any further charges that any rights of Defendant Seatriever or any of its related companies have or are being violated by Unique or its officers or employees or related companies to any customer of Unique until after such

charges have been made directly to Unique or its counsel and a reasonable opportunity has been given to Unique to respond to such charges;

     D.    Awarding Unique its reasonable attorney fees for its declaratory judgments of non infringement as authorized by 35 U.S.C. § 285;

     E.    Defendant Seatriever disgorge to Plaintiff Unique fully all profits made in the United States as a result from the unfair competition of the Defendant Seatriever and any of its related companies under common ownership and control to compensate Unique as authorized by 15 U.S.C. § 1117;

     F.    That the damages to Plaintiff resulting from the unfair competition by Defendant Seatriever and any of its related companies be trebled in view of the willful and wanton actions thereof; and

     G.    Up to three times the damages and loss suffered by Unique as a result of the violation of Pennsylvania law pursuant to Section 201-9.2 of Pennsylvania Unfair Trade Practices and Consumer Protection Law;

     H.    That Plaintiff receive its costs in this action, including an award of its reasonable attorney's fees with interest from the date of the filing of this complaint pursuant to 15 U.S.C. § 1117;

     I.    Awarding Unique its full costs and litigation expenses; and,

     J.    That Plaintiff receive interest on its damages awards from the date of injury.

     K.    Awarding Unique any and all further relief as the Court deems just and

proper.

Dated: Philadelphia Pennsylvania
      November 19, 2015

Respectfully submitted,

_____
Glenn D. Wattenmaker, Esquire
Attorney for Unique Industries, Inc.
4750 League Island Blvd.
Philadelphia, PA 19112-1222
215 218 7704
gwattenmaker@favors.com

**EXHIBIT A**



Yuri Mikulka
Manatt, Phelps & Phillips, LLP
Direct Dial: (714) 338-2722
E-mail: YMikulka@manatt.com

August 3, 2015

<u>Via Certified Mail and Email</u> (cnovak@favors.com)

Mr. Craig Novak
President
Unique Industries, Inc.
4750 League Island Boulevard
Philadelphia, PA 19112

Re:   <u>Seatriever International Holdings Ltd.'s Notice of Provisional Patent Rights</u>

Dear Mr. Novak:

We represent Seatriever International Holdings Ltd. ("Seatriever") in connection with intellectual property matters in the United States.

Seatriever has pioneered various innovations in the field of illuminated balloons, and offer, among other things, a product called ILLOOMS® light up balloons. Seatriever supplies ILLOOMS® to many leading retailers worldwide, including the three largest retailers in the world. Over 100 million ILLOOMS® have been produced to date.  Details of the ILLOOMS® product are available at www.illooms.com.

To preserve the value of the work performed by its engineers and designers and prevent consumer confusion and infringement, Seatriever has obtained a variety of patents and trademarks.  In the United States, those patents include the U.S. Patent No. 8,297,778, entitled Party Balloon with Illumination Device, claiming a party balloon with illumination device, as well as U.S. Patent Application No. 14/005,003 (the '003 Application), claiming a parachute embodiment to a balloon with illumination device.  Of course, Unique is already familiar with ILLOOMS® products given that it has served as a distributor of ILLOOMS® light up balloons since 2011.

Recently, it has come to our attention that Unique is importing, offering for sale and selling in the United States an illuminated balloon product known as PARTY GLOW ("Accused Device"), shown in **Exhibit 1**.  We are aware that the Accused Device is currently being offered for sale by you through various retailers including Michaels, Meijer, Dollar General, K-Mart, Walmart.com, among others, and through other avenues in the United States.  Attached as **Exhibit 2** are examples of websites that offer the Accused Device for sale.

695 Town Center Drive, 14th Floor, Costa Mesa, California 92626-1924  Telephone: 714.371.2500  Fax: 714.371.2550

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.



**manatt**

manatt | phelps | phillips

Unique Industries, Inc.
August 3, 2015
Page 2

We write to provide a formal notice of Seatriever's '003 Patent Application and its provisional rights. The America Invents Act, 35 U.S.C. § 154(d), provides provisional rights to the patentee on published applications. This "include[s] the right to obtain reasonable royalties from others who, with actual notice of the published application, made, used, sold, offered to sell, or imported the invention as claimed in the published application before the patent was granted."

Based on our analysis, Unique makes, uses, offers for sale, sells and imports the invention as claimed in the published '003 Application. (A copy of the '003 Application is attached as **Exhibit 3**.) Hence, under § 154(d), once patent issues, Seatriever would be entitled to recover damages and/or reasonable royalty for Unique's sales of the Accused Device from the time that Unique received notice of the patent application. In the U.S., the '003 Application was published on January 9, 2014, while the U.K. application was published on September 19, 2012 and the International PCT application was published on September 20, 2012. Moreover, Seatriever would be entitled to reasonable royalty for damages for any infringing sales and willful infringement after the patent issues.

As Seatriever's distributor, we believe that Unique has received notice of the patent application from the point of the initial publication. Indeed, it appears that Unique has developed the Accused Device while serving as an ILLOOMS® distributor in violation of its obligation to not disclose or misuse confidential information. We are also disappointed to see that Unique has now usurped Seatriever's business opportunities in the U.S. and elsewhere by offering and selling the Accused Device directly to Seatriever's customers and prospective customers.

In addition to loss of sales, we are concerned about Seatriever's loss of reputation. Based on our review of the packaging and the product of the Accused Device, we have concerns about the quality of the product. For instance, we notice that the metal bearing at the top of the light unit can easily be dislodged with limited force and/or the light unit detaches from the balloon creating a potential choking hazard for children. Therefore, we have a reason to believe that the Accused Device is inferior, and/or may fall below the requisite toy safety standards, and could pose a danger to consumers, particularly children. As the pioneer of the light up balloon market, if a consumer were to be harmed by the Accused Device, such an incident could cause significant damage to our reputation and that of ILLOOMS® -- as well as to the retailers selling the Accused Device. Of course, if we are mistaken about these features, please let me know.

This not an exhaustive statement of Seatriever's rights or the relevant facts and law. Seatriever expressly reserves all of its legal and equitable rights and remedies.



manatt | phelps | phillips

Unique Industries, Inc.
August 3, 2015
Page 3

Our practice is to try to amicably resolve any issues.  Therefore, please contact us within two weeks of the receipt of this letter to discuss this issue.

Very truly yours,

Yuri Mikulka
Partner

YM:JC

314945710.1

**EXHIBIT B**



**manatt**

manatt | phelps | phillips

RECEIVED
AUG 25 2015
BUSINESS LAW GROUP

Received
AUG 24 2015
GC / CPO

RECEIVED
AUG 21 2015
PAYROLL

Yuri Mikulka
Manatt, Phelps & Phillips, LLP
Direct Dial: (714) 338-2722
E-mail: YMikulka@manatt.com

August 18, 2015

<u>Via Certified Mail</u>

Dollar General
100 Mission Ridge
Goodlettsville, TN 37072

Re:   <u>Seatriever International Holdings Ltd.'s Notice of Provisional Patent Rights</u>

To Whom This May Concern:

We represent Seatriever International Holdings Ltd. ("Seatriever") in connection with intellectual property matters.

Seatriever has pioneered various innovations in the field of illuminated balloons, and offer, among other things, a product called ILLOOMS® light up balloons.  Seatriever supplies ILLOOMS® to many leading retailers worldwide, including the three largest retailers in the world.  Over 100 million ILLOOMS® have been produced to date.  Details of the ILLOOMS® product are available at www.illooms.com.

To preserve the value of the work performed by its engineers and designers and prevent consumer confusion and infringement, Seatriever has obtained a variety of patents and trademarks.  In the United States, those patents include the U.S. Patent No. 8,297,778, entitled Party Balloon with Illumination Device, claiming a party balloon with illumination device, as well as U.S. Patent Application No. 14/005,003 (the '003 Application), claiming a parachute embodiment to a balloon with illumination device.

Recently, it has come to our attention that Dollar General is offering for sale and selling in the United States an illuminated balloon product.  However, we notice that the product you offer is not an ILLOOMS® product and has not been authorized for sale by Seatriever.  Instead, it is a product known as PARTY GLOW illuminated balloon ("PARTY GLOW"), shown in **Exhibit 1**.  Based on our analysis, the PARTY GLOW at issue reads on the claim of the published '003 Application, and it is being manufactured, offered or sold without Seatriever's authorization.

Assuming you were unaware, and to avoid any misunderstanding, we write to provide a formal notice of Seatriever's '003 Patent Application and its provisional rights.  (A copy of the '003 Application is attached as **Exhibit 2**.)  The America Invents Act, 35 U.S.C. § 154(d), provides provisional rights to the patentee on published applications.  This "include[s] the right to obtain reasonable royalties from others who, with actual notice of the published application, made, used, sold, offered to sell, or imported the invention as claimed in the published application before the



**manatt**

manatt | phelps | phillips

Dollar General
August 18, 2015
Page 2

patent was granted."

Under § 154(d), once patent issues, Seatriever would be entitled to recover reasonable royalties from anyone, including retailers, for sales of PARTYGLOW dating back to the time of their notice of the patent application. In the U.S., the '003 Application was published on January 9, 2014, while the U.K. application was published on September 19, 2012 and the International PCT application was published on September 20, 2012. In addition to providing you with the notice here, we have notified the supplier of PARTY GLOW. Seatriever expressly reserves all of its legal and equitable rights and remedies. Moreover, Seatriever would be entitled to reasonable royalty for damages for any infringing sales and willful infringement after the patent issues.

In writing to you at this time, Seatriever's hope is to try to amicably resolve this issue with you. Therefore, please contact me at your earliest convenience to discuss this issue.

Very truly yours,

Yuri Mikulka
Partner

YM:JC
Attachments

315005304.1